UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT MYERS,

                Plaintiff,

     -against-                                        1:19-CV-0325 (LEK/CFH)

THE MUNICIPALITY OF GREENE
COUNTY, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Pro se plaintiff Scott Myers brings this complaint against the Municipality of Greene County and individual defendants Shaun Groden, Ed Kaplan, Kira Pospesel, and Patrick Linger. Dkt. No. 1 ("Complaint"); 9 ("Amended Complaint"). After granting Plaintiff's motion for leave to proceed in forma pauperis ("IFP"), the Honorable Christian F. Hummel, U.S. Magistrate Judge reviewed the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B) and recommended that the Court dismiss all of Plaintiff's claims. Dkt. No. 14 ("Report-Recommendation") at 26–28. Plaintiff objected. Dkt. No. 16 ("Objections"). For the reasons that follow, the Report-Recommendation is adopted in part and rejected in part.

## II.    BACKGROUND

### A.  The Report-Recommendation

The facts and allegations in this case were detailed in the Report-Recommendation, familiarity with which is assumed. In short, Plaintiff asserts that officials in Greene County—and particularly County Attorney Ed Kaplan—committed a variety of constitutional violations

against him, largely in response to his vociferous opposition to a proposed Greene County jail. See Generally Am. Compl. Plaintiff also repeatedly states that the September 11, 2001 attacks rendered his apartment in lower Manhattan uninhabitable, and suggests that Defendants have targeted him based on his status as an "internally displaced refugee." See Am. Compl. at 6; Obj. at 6.

Judge Hummel construed Plaintiff's Complaint and Amended Complaint[1] to assert the following claims: (1) False arrest, false imprisonment, and malicious prosecution claims against Kaplan; (2) First and Fourteenth Amendment claims against Kaplan based on Kaplan's denial of Plaintiff's Freedom of Information Law ("FOIL") requests; (3) First Amendment claims against Kaplan based on Kaplan's opposition to Plaintiff's applications for poor person relief; (4) First Amendment claims against Kaplan based on Kaplan's role in seeking an order of protection against Plaintiff and blocking Plaintiff's emails; (5) a claim that Kaplan "aided an eviction" of Plaintiff; (6) Unspecified constitutional claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments against Groden, Kaplan, Pospesel, and Linger; and (7) a Monell claim against Greene County. R. & R. at 26–27.

Judge Hummel recommended dismissing with prejudice the First and Fourteenth Amendment claims against Kaplan based on the denial of Plaintiff's FOIL requests and the First Amendment claims against Kaplan based on the denial of Plaintiff's application for poor person relief. Id. at 26. Judge Hummel recommended dismissing all other claims without prejudice and with an opportunity to amend. Id. at 26–28.

**B. Plaintiff's Objections**

---

[1] As the Magistrate Judge noted, Plaintiff's Amended Complaint is not styled as an independent pleading. R. & R. at 6. In light of Plaintiff's pro se status, Judge Hummel considered the allegations in the Complaint and Amended Complaint collectively. Id.

2

Plaintiff filed his Objections on August 6, 2019. Objs. As a preliminary matter, these Objections were untimely. The Report-Recommendation advised Plaintiff that, as of the July 12, 2019 date of decision, he had fourteen days to file written objections, R. & R. at 28, and factoring in Plaintiff's pro se status, the Court set an objection deadline of July 29, 2019. However, given Plaintiff's pro se status, the Court will consider his Objections nonetheless. See Brown v. Outhouse, No. 07-CV-1169, 2009 WL 1652211, at *1 (N.D.N.Y. June 10, 2009) (considering pro se plaintiff's untimely objections); Garcia v. Griffin, No. 16-CV-2584, 2019 WL 4917183, at *3 (S.D.N.Y. Oct. 4, 2019) (same).

While Plaintiff's filing objects to several of the Magistrate Judge's recommendations, it also purports to narrow the scope of his claims and to add and drop defendants. Objs. at 1, 4, 8. Plaintiff also states, however, that "[a] modified complaint will be filed shortly." Id. at 3. Thus, the Court does not construe Plaintiff's Objections as a sort of objection-second amended complaint hybrid, but rather construes the filing as objections that preview a potentially forthcoming amended complaint. To date, Plaintiff has not filed a second amended complaint.

## III. LEGAL STANDARD

### A. § 1915 Review

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time" if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint before permitting the plaintiff to proceed IFP. See id.

The Court must review pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte

dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

**B. Report-Recommendation**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014)). "Even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

### A. Overview

In his Objections, Plaintiff states, "I'm focusing singularly on the access to government (1st Amendment)." Obj. at 1; see also id. at 4 ("To save court resources consistent with Judge Hummel's lead, I'm narrowing the complaint to just 'Access To Government' 1st Amendment issues[.]"). In line with this narrowed scope, Plaintiff's specific objections focus primarily on his First Amendment claims.[2] The Court reviews the Report-Recommendation's findings on these issues de novo. While Plaintiff's Objections also reference his other claims, these paragraphs are

---

[2] In addition to his Objections, Plaintiff submitted a 346-page compilation which, outside of a few pages of biographical material, consists almost entirely of documentation of Plaintiff's extensive, often acrimonious interactions with local officials and the state legal system. See generally Dkt. No. 16-1 ("Exhibits") (attaching, among other things, letters from Plaintiff to local officials and judges, courts records of criminal cases against Plaintiff, and orders of protection against Plaintiff).

copied nearly verbatim from his Amended Complaint, and thus the Court reviews the Magistrate Judge's findings on these issues for clear error. Barnes, 2013 WL 1121353, at *1 ("[I]f an objection is . . . a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error.").

The Court agrees with Judge Hummel's ultimate conclusion that all of Plaintiff's claims must be dismissed. However, the Court departs from Report-Recommendation's finding that several of Plaintiff's allegations are barred by Heck v. Humphrey, and instead dismisses these allegations for failure to state a claim. Additionally, the Court dismisses Plaintiff's First Amendment retaliation claim based on the denial of his FOIL request without—rather than with—prejudice.

**B. False Arrest, False Imprisonment, and Malicious Prosecution**

The Report-Recommendation construed the Complaint to bring claims of false arrest/imprisonment and malicious prosecution against Kaplan, it and recommended dismissing these claims without prejudice as barred by Heck v. Humphrey. R. & R. at 7–9. Plaintiff argues that Heck does not apply. Objs. at 4, 6.

*1. Heck v. Humphrey*

Under Heck, when a plaintiff who has an underlying conviction in state court seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Magistrate Judge recommended that, because it appeared the charges against Plaintiff remained pending, his

claims be dismissed as barred by Heck. R. & R. at 7–9.[3] Plaintiff's objections on this point are difficult to follow, and Plaintiff cites no case law in support. See Objs. at 4, 6. Nonetheless, Heck does not bar Plaintiff's claims.

"Heck bars a § 1983 claim based on an extant conviction, but it has no application to an anticipated future conviction." Stegemann v. Rensselaer Cty. Sheriff's Office, 648 F. App'x 73, 76 (2d Cir. 2016); see also Wallace v. Kato, 549 U.S. 384, 393 (2007) (refuting the argument that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" and stating "[w]e are not disposed to embrace this . . . extension of Heck") (emphasis in original); McDonough v. Smith, 139 S. Ct. 2149, 2157 (2019) (noting that "some claims do fall outside Heck's ambit when a conviction is merely 'anticipated'").

    2. *Failure to State a Claim*

Because Heck does not bar Plaintiff's claims, the Court considers whether Plaintiff has stated a claim for false arrest/imprisonment, or malicious prosecution. See 28 U.S.C. § 1915(e)(2)(B). He has not. Plaintiff's Complaint, Amended Complaint, and Objections include only the most conclusory of allegations which, even read together and liberally, are insufficient to state a claim.

First, while the unresolved criminal proceedings do not bar Plaintiff's complaint under Heck, they do prevent Plaintiff from pursuing a malicious prosecution claim. See Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("One element that must be alleged and

---

[3] While the Magistrate Judge noted that the status of the charges against Plaintiff was not entirely clear, Plaintiff's Objections confirm that the charges are still pending. Objs. at 4 ("My Motion to Dismiss for Speedy Trial failure, inter alia, is pending in the Town of Durham's Court.").

7

proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.") (quoting Restatement (Second) of Torts § 653(b) (1977)).[4] The pending criminal charges do not, however, bar Plaintiff's false arrest and false imprisonment claims. See Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996) ("[W]hile the favorable termination of judicial proceedings is an element of a claim for malicious prosecution, it is not an element of a claim for false arrest.") (citation omitted).

The Court considers Plaintiff's false arrest and false imprisonment claims in tandem. See Singer, 63 F.3d at 118 ("The common law tort of false arrest is a species of false imprisonment."); Dale v. Kelley, 908 F. Supp. 125, 131 (W.D.N.Y. 1995) ("Although the complaint alleges both false arrest and false imprisonment, the two terms are virtually synonymous under New York law.") aff'd, 95 F.3d 2 (2d Cir. 1996). "The elements of a claim of false arrest under § 1983 are substantially the same as the elements of a false arrest claim under New York law." Singer, 63 F.3d at 11. "Under New York law, the elements of a false imprisonment claim are: (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Id. (quotations omitted; alteration in original). "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." Id.

Here, Plaintiff has not plausibly alleged a lack of probable cause. Plaintiff's only allegations regarding the "pre-planned false arrest," Compl. at 1, are that "[t]he arrest was

---

[4] Plaintiff also fails to state a claim for malicious prosecution because Plaintiff has not sufficiently alleged there was a lack of probable cause, as discussed infra. Kilburn v. Vill. of Saranac Lake, 413 F. App'x 362, 364 (2d Cir. 2011) ("Probable cause is an absolute defense to a malicious prosecution claim under New York law.").

8

prearranged," and that "Mr. Kaplan directed what charge[s] were made, adding resisting arrest a day later," id. at 6; see also Am. Compl. at 8 ("Greene County per-planned [sic] an arrest of me at the January 16, 2019 Monthly County Legislature Meeting, charging me with disorderly conduct, and trespassing. I was arrested the next day off the street and taken to Cairo for arraignment where an additional charge of resisting arrest was added–presumably to raise the mischief to criminal."). These vague claims do not plausibly allege that there was a lack of "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer, 63 F.3d at 119. In a different section of his Amended Complaint, Plaintiff states, "The matter at hand flows naturally from the exploitation of my family's vulnerability from terrorism and is materialized by their blocking of email and eventually arresting me simply for attending the monthly legislature meeting." Am. Compl. at 5. While an arrest for simply attending a meeting could, if properly plead, very well lead to a valid claim, Plaintiff has simply not alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (2009).

Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's false arrest, false imprisonment, and malicious prosecution claims be dismissed without prejudice.

**C. FOIL**

The Magistrate Judge recommended dismissing Plaintiff's First and Fourteenth Amendment FOIL claims against Kaplan with prejudice. R. & R. at 10–12.

The Court agrees that Plaintiff failed to allege that the denial of his FOIL requests directly violated his Fourteenth Amendment rights and that an amended complaint could not cure this claim's defects. See R. & R. at 11. "Courts in this District have repeatedly recognized that a

section 1983 action is not the proper vehicle for bringing a FOIL claim." Hall v. Benniger, No. 19-CV-85, 2019 WL 2477994, at *2 (N.D.N.Y. Mar. 4, 2019) (internal quotation marks omitted), report and recommendation adopted, No. 19-CV-85, 2019 WL 1760050 (N.D.N.Y. Apr. 22, 2019) (Kahn, J.). "Under New York state law, if an agency or government official fails to comply with the provisions of FOIL, the person submitting the FOIL request must pursue an administrative appeal or seek remedies in state court pursuant to N.Y. C.P.L.R. Article 78." Posr v. City of New York, No. 10-CV-2551, 2013 WL 2419142, at *14 (S.D.N.Y. June 4, 2013), aff'd sub nom. Posr v. Ueberbacher, 569 F. App'x 32 (2d Cir. 2014). Accordingly, Plaintiff's Fourteenth Amendment FOIL claim is dismissed with prejudice. See Butler v. Geico Gen. Ins. Co., No. 18-CV-1493, 2019 WL 330591, at *3 (N.D.N.Y. Jan. 25, 2019) ("[W]here the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate.") report and recommendation adopted, No. 18-CV-1493, 2019 WL 652197 (N.D.N.Y. Feb. 15, 2019)

As the Report-Recommendation noted, however, Plaintiff also appears to allege that Kaplan "denied FOIL requests in retaliation for plaintiff's exercise of protected speech" in opposition to the county jail. R. & R. at 11; Am. Compl. at 6–7. Thus, the Court must also analyze whether Plaintiff's allegations state a First Amendment retaliation claim. To assert this, a plaintiff must allege: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Plaintiff—whose Objections in support of his FOIL claims merely repeat arguments in his Amended Complaint, see Objs. at 6–7; Am. Compl. at 7—fails to state a First Amendment retaliation claim. He alleges that Kaplan "denied [his] legal FOIL requests" and that "the denial of FOILs here is strategic and harmful." Objs. at 6–7. Further, he assets that unlike most public institutions in which "someone [is] not gaming the FOIL requests[,] Mr. Kaplan choose [sic] to directly participate, which is the intent and the issue." Id. These conclusory allegations do not plausibly allege the requisite causal connection between the protected speech and the purported adverse action. Dawes, 239 F.3d at 492.

But it is not clear that Plaintiff would be unable to remedy these flaws in a second amended complaint. While § 1983 claims directly disputing denied FOIL requests are not permitted, see Hall, 2019 WL 2477994, at *2, it appears at least possible that the denial of a FOIL request can constitute a retaliatory act. In Murray v. Coleman, a plaintiff stated a First Amendment retaliation claim by alleging that the defendant retaliated against Plaintiff's protected speech by denying his FOIL request. 737 F. Supp. 2d 121, 126 (W.D.N.Y. 2010). In rejecting the defendant's contention that "the denial of a FOIL request . . . cannot, as a matter of law, present a constitutional violation," the Court explained that "plaintiff is not claiming that the First Amendment entitled him to disclosure of the records he requested through FOIL: rather, he asserts that [the defendant's] denial of his FOIL request was an unconstitutional act of retaliation for his exercise of his own First Amendment rights." Id.; see also Green v. Sears, No. 10-CV-121, 2013 WL 1081779, at *14 (N.D.N.Y. Feb. 19, 2013), report and recommendation adopted, No. 10-CV-121, 2013 WL 1081535 (N.D.N.Y. Mar. 14, 2013) (suggesting a retaliation claim could lie if there was "evidence of a causal connection between Plaintiff's protected First Amendment conduct . . . and the denial of his FOIL requests").

11

Because the Court "cannot rule out the possibility that . . . an amendment will result in a claim being successfully pleaded," the Court dismisses without prejudice Plaintiff's First Amendment retaliation claims against Kaplan based on Kaplan's denial of FOIL requests. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

**D. Poor Person Relief**

Plaintiff also attempts to assert a constitutional violation against Kaplan stemming from Kaplan's alleged opposition to Plaintiff's poor person applications. Am. Compl. at 6 ("Kaplan repeatedly aided defeat of poor person applications."). Judge Hummel dismissed this claim with prejudice, noting that "such applications would be decided by the Judge" and that "plaintiff fully fails to demonstrate how Kaplan's mere opposition to the applications amounts to any denial of plaintiff's constitutional rights." R. & R. at 12. Plaintiff's Objections to this dismissal merely repeat the Amended Complaint verbatim, Objs. at 7; Am. Compl. at 7, and thus the Court reviews this for clear error.

The recommendation is not clearly erroneous. As with Plaintiff's FOIL claims, Plaintiff appears to argue that the denial constituted First Amendment retaliation. See Am. Compl. at 7 (claiming that Kaplan was "aiding denial of poor person relief" in order to "silence my (effective) opposition the largest infrastructure project ever undertaken by Greene County"). Thus, like the FOIL claim, these allegations should be analyzed under a First Amendment retaliation framework. However, unlike the FOIL requests, which Kaplan allegedly denied, Plaintiff acknowledges that Kaplan did not have decision making authority over Plaintiff's application for poor person relief. See Exhibits at 67 (stating, in a letter from Plaintiff to Judge Sober, "[y]ou denied poor person [applications] and the subpoena based on Kaplan's opposition"). And in further contrast to the FOIL claim, this Court is not aware of any legal authority suggesting that opposition to court financial assistance can constitute an adverse action

for the purposes of a retaliation claim. Accordingly, the Court adopts Judge Hummel's recommendation that Plaintiff's claim based on the denial of his poor person application be dismissed with prejudice. See Butler, 2019 WL 330591, at *3

**E. Order of Protection and Blocked Emails**

Plaintiff also appears to argue that Kaplan unconstitutionally retaliated against Plaintiff by obtaining an order of protection against Plaintiff and blocking Plaintiff's emails. Am. Compl. at 6–8. The Magistrate Judge recommended dismissing these claims without prejudice because they were related to Plaintiff's pending criminal charges and thus barred by Heck. R. & R. at 16. While, as discussed above, Heck does not bar any of Plaintiff's claims, Plaintiff's disjointed allegations nonetheless fail to state a claim.

Plaintiff states that Kaplan "wrote the order of protection, and had it executed . . . [which was] not validly obtained as proven by the almost immediate recusals of all involved" and that "[t]hese acts are as intended to block my access to government as his strategy of blocking emails to @discovergreene.com." Am. Compl. at 6. Plaintiff later states: "The acts are retaliatory . . . this has occurred from the Respondents ever since my family moved to our country home in Greene County as internally displaced refugees from terrorism (9/11, our home at 12 John Street was rendered uninhabitable by the terroristic acts)." Id. at 6 (emphasis, ellipses, and parentheses in original). Finally, Plaintiff adds: "As to the linkage between the jail and the order of protection, by now the Court notices that this is the suppression intent." Id. at 7 (emphasis in original).

To reiterate, in order to state a claim for First Amendment retaliation, a plaintiff must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Dawes, 239 F.3d at 492. Like his retaliation claim based on the

13

denial of his FOIL requests, Plaintiff has not successfully alleged that Kaplan took action against Plaintiff in order to silence Plaintiff's protected speech. Plaintiff certainly has a right to protest the county jail, but his jumbled allegations fail to plausibly allege that Kaplan arranged an order of protection or email blocking scheme in an effort to improperly restrict Plaintiff's First Amendment activity. Plaintiff does not provide any details about his activity that precipitated the order for protection or blocked emails.[5] Nor does Plaintiff explain how the "immediate recusals of all involved" have any bearing on the validity of the order. It also remains unclear why emails were blocked, or even whether Plaintiff was attempting to send emails to, or receive emails from, the allegedly blocked address.

### F. Eviction

Plaintiff also claims, without elaboration, that "Kaplan aided my eviction from 414 Main Street." Am. Compl. at 6, 8. The Magistrate Judge recommended dismissing this allegation for failure to state a claim. R. & R. at 25. Plaintiff merely repeats these same conclusory allegations in his Objections. Obj. at 7–8. Thus, the Court reviews this recommendation for clear error. Barnes, 2013 WL 1121353, at *1. It finds none. Accordingly, Plaintiff's claim relating to his eviction is dismissed without prejudice.

### G. Personal Involvement

The magistrate judge dismissed all claims against Groden, Linger, and Pospesel on the grounds that Plaintiff's allegations failed to establish their personal involvement. R. & R. at 18–

---

[5] Plaintiff has included an order of protection dated January 18, 2019 in his attached Exhibits. See Exs. at 10–11. The order of protection does not explain the precipitating events beyond referencing Plaintiff's January 17, 2019 arrest, and orders Plaintiff to avoid all contact with over twenty individuals, including Kaplan. Id. at 10. Plaintiff's Exhibits also include a second order of protection, see id. at 17, as well as a reference to at least one additional order of protection, see id. at 175, 316, but these orders of protection do not appear to reference Plaintiff's January 17, 2019 arrest.

14

19. Plaintiff's Objections merely repeat the same conclusory facts about these defendants. Objs. at 8; Am. Compl. at 10. Thus, the Court also reviews this finding for clear error, Barnes, 2013 WL 1121353, at *1, and finds none.[6] Plaintiff's claims against Groden, Linger, and Pospesel are dismissed without prejudice.

### H. Remaining Constitutional Claims

In addition to his First Amendment claims, Plaintiff attempts to assert constitutional claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Am. Compl. at 11. Plaintiff has not directly objected to the Magistrate Judge's dismissal of these claims, and has indicated that he wishes to focus exclusively on his First Amendment claims. R. & R. at 24–25; Objs. at 4. Accordingly, the Court reviews this finding only for clear error. Barnes, 2013 WL 1121353, at *1.

The court finds no clear error in the dismissal of Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment claims for failing to state a claim upon which relief can be granted. See R. & R. at 25. While the Court does not adopt the finding that Plaintiff's Sixth Amendment claim is barred by Heck, Plaintiff's sole allegation that "Sixth is the failure to provide counsel or evidence (the tape of the arrest)," Am. Compl. at 11, is nonetheless insufficient to state a claim. Accordingly, the Court adopts the Magistrate Judge's recommendation that the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment claims be dismissed without prejudice.

### I. Monell Claim

Plaintiff attempted to allege a Monell claim in his Amended Complaint, Am. Compl. at 10, and the Magistrate Judge recommended dismissal for failure to state a claim. R. & R. at 27. Plaintiff does not object to this finding, and in fact states that he intends to drop his Monell

---

[6] For the reasons discussed supra, the Court does not adopt the Report-Recommendation's alternative holding that Heck bars these claims. R. & R. at 18.

claim. Objs. at 4. The Court finds no clear error in the Magistrate Judge's finding that Plaintiff failed to state a Monell claim,[7] and accordingly, Plaintiff's Monell claim is dismissed without prejudice.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **ADOPTED in part and REJECTED** in part; and it is further

**ORDERED**, that Plaintiff's Fourteenth Amendment claim against Kaplan based on the denial of FOIL requests and Plaintiff's claim against Kaplan based on his denial of poor person relief are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's remaining claims are **DISMISSED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file a second amended complaint within **thirty days** from the filing date of this Memorandum-Decision and Order. **If Plaintiff fails to file a second amended complaint in that time, the case shall be dismissed without further order of the Court**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 14, 2020
Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge

---

[7] For the reasons discussed supra, the Court does not adopt the Report-Recommendation's alternative holding that Heck bars these claims. R. & R. at 23.