**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SCOTT MYERS,

                                        Plaintiff,

          v.                                         1:19-CV-325
                                                     (LEK/CFH)
SHAUN GRODEN, TRACY QUINN, KIRA
POSPESEL, DEPUTY ARP, PATRICK LINGER,

                                        Defendants.

---

**APPEARANCES:**

Scott Myers
Four Seasons Motel
5603 Route 32
Catskill, New York 12414
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

#### I.  Background

          Presently pending before the Court is review of plaintiff's Second Amended

Complaint.  Dkt. No. 21.[1]  In a Memorandum-Decision & Order entered on January 14,

2020, Senior U.S. District Judge Lawrence Kahn adopted in part and rejected in part the

undersigned's July 12, 2019 Report-Recommendation & Order reviewing plaintiff's

Amended Complaint.  Dkt. Nos. 14, 17.  As relevant here, the Decision (1) dismissed

---

[1]  Plaintiff filed a Second Amended Complaint at dkt. no 20, but subsequently asked the Court to consider dkt. no. 21 as his Second Amended Complaint.  Accordingly, dkt. no. 20 will be deemed stricken from the docket, and the Court will review dkt. no. 21 as plaintiff's Second Amended Complaint.

with prejudice plaintiff's claims against Kaplan based on denial of FOIL requests[2] and denial of poor person relief; and (2) dismissed without prejudice the following of plaintiff's claims for failure to state a claim upon which relief can be granted: false arrest, false imprisonment, malicious prosecution, First Amendment retaliation, Monell claims, Fourth Amendment claim, Fifth Amendment claim, Sixth Amendment claim, Fourteenth Amendment claim, and all claims against Groden, Linger, Pospesel for failure to demonstrate personal involvement.  Dkt. No. 17.  The Court permitted plaintiff an opportunity to file a second amended complaint.

## II. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is

---

[2]  The body of the Memorandum-Decision & Order states that it would dismiss the FOIL claim without prejudice, but the wherefore clause of the Memorandum-Decision & Order dismisses this claim with prejudice.  Dkt. No. 17 at 6, 16.  Regardless, plaintiff does not seek to replead this claim.

entitled to relief." <u>See</u> FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of

the claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer, prepare an adequate defense and determine whether the doctrine

of res judicata is applicable." <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 54 (N.D.N.Y. 1999)

(internal quotation marks and citations omitted). Rule 8 also requires the pleading to

include:

> (1) a short and plain statement of the grounds for the court's
> jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the
> pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make

clear that each allegation contained in the pleading "must be simple, concise, and

direct." <u>Id.</u> at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part

that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances. A later pleading may refer by number to a
> paragraph in an earlier pleading. If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of

identification for referring to a particular paragraph in a prior pleading[.]" <u>Flores</u>, 189

F.R.D. at 54 (internal quotation marks and citations omitted).

3

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### III.  Second Amended Complaint

Plaintiff's second amended complaint is disjointed and difficult to follow as it provides little factual context.  In a cover page to the second amended complaint, plaintiff provides, "this alternative removes Greene County Attorney Ed Kaplan and the Municipality of Greene.  The complaint adds the arresting officer, who I [sic] proven are [sic] directly involved."  Dkt. No. 21 at 1.  The cover letter also references that his second amended complaint includes, "new bad acts by Kaplan against employment." Id.  Plaintiff includes as exhibits to the Second Amended Complaint 86 pages that he filed as "Exhibit(s) Related Article 78 filed in Ulster Co. S.C."  It appears that these exhibits are associated with a state court action plaintiff filed seeking to restore the newspaper The Daily Mail to be the newspaper "of record."  See dkt. no. 21-1.  The second amended complaint includes several footnotes containing links to internet websites – including YouTube videos, newspaper articles, various reports – without explanation of their relevance to his federal claims.  See generally dkt. no. 21.

Plaintiff's second amended complaint provides that it "is a federal suppression and retaliation complaint against the Defendants, 1st U.S. Constitution Amendment 1." Dkt. No. 21 at 2.  However, shortly into the body of his complaint, plaintiff indicates that he seeks to bring the action for "retaliation, false arrest, false imprisonment, malicious

prosecution, and constitutional suppression (1st Amendment access to government.)"
Id. at 3-4.  The caption of plaintiff's second amended complaint lists only Shaun Groden,
Tracy Quinn, Kira Pospesel, Deputy Arp, and Patrick Linger as defendants.[3] See id.

The factual allegations and context plaintiff provides for his second amended
complaint is as follows.  Plaintiff refers to a "preplanned" arrest on January 16, 2019,
when he attended a monthly county legislature meeting.  Dkt. No. 21 at 2.  He further
states that unspecified "defendants" "issued pre-scripted affidavits and claims" in
connection with his arrest.  Id.  Plaintiff indicates that a "video from the lobby shows I
tried to simply leave, exiting the stairway, but was called back by various legislators.
The video shows them pocking [sic] at me, surrounding me in a circle – causing fear.
The video shows the arresting officer pushing me against the wall then taking me off
camera where I was assaulted, and arrested."  Id.  Plaintiff does not identify the
legislators involved or indicate whether any of these people are named defendants.

Later in the second amended complaint, plaintiff provides, "[t]he arresting officer,
Deputy Arp, pushed me into the same stairway, off camera. He pushed me into the wall
and handcuffed me, raising Monell issues of training and compliance with training if
adequate training occurred."  Dkt. No. 21 at 2.   However, he indicates that "Arp is not
named at this time."  Id. at 8.  Thus, it does not appear that plaintiff seeks to proceed
against defendant Arp.  Plaintiff does not provide further factual allegations or context
for the arrest nor does he specify which defendant was involved in the alleged "assault."

---

[3]  The Clerk of the Court is directed to update the docket to reflect plaintiff's voluntary withdrawal
of The Municipality of Greene County and Ed Kaplan and to add defendants Tracy Quinn and Deputy Arp.

<u>See</u> <u>id.</u> at 2.

Plaintiff states that as "retaliation" for his opposing the building of a jail, "remov[ing]" the last two sheriffs, "provoking" the closing of "our jail and Sheriff's Office," "proving" that four engineering companies "publish false reports,""provok[ing] the Alternatives To Incarceration ("ATI") committee" and because he "reversed and dismissed convictions in over 38 arrest claims," "defendants cause bad acts. Blocked email begins 3 years ago, with enumerated bad acts ever since culminating in my arrest on January 16, 2019."  <u>Id.</u> at 3.

Plaintiff alleges that Lieutenant Tracy Quinn retaliated against him in violation of the First Amendment insofar as she "misused her public position" to obtain an order of protection against him.  Dkt. No. 21 at 2.  Read liberally, the second amended complaint suggests that Quinn's motive for obtaining an order of protection against him was his opposition to Greene County's building of a new jail and "destroying" the existing Sheriff's Office and jail.  <u>Id.</u> at 2-3.  Plaintiff also contends that Greene County Attorney Ed Kaplan retaliated against him by threatening nonparty Ben Fain – apparently, a prospective employer – that, if he "continue[d] to hire me, he wouldn't receive the licenses and permits Mr. Fain needed for his main street construction."  <u>Id.</u> at 3.

The second amended complaint consists of four initial pages with no allegations within this document beyond those set forth above.  Dkt. No. 21 at 2-4. Following these four pages, plaintiff attaches a separately-captioned document he entitles, "Verified Affidavit Amended Complaint."  <u>Id.</u> at 5.  Plaintiff indicates that "[e]ach 'count' is accompanied by a concomitant state civil case, which means I've likely met the

administrative exhaustion and due diligence requirements to be in this Court."  Id. at 5.
He includes a list of eight cases, which apparently are cases he has commenced in
state courts.  Id. at 5 n.6.

Plaintiff's first "count" references an apparent state action he commenced against
Kira Pospesel, and contends that he commenced this action to "prevent clawback of a
Social security award."  Dkt. No. 21 at 6.  Plaintiff indicates that this count, also
"proceeds to a coordinated effort by Greene County Department of Social Service
Commissioner, at the provocation of Greene County Attorney Ed Kaplan to threaten my
emergency housing."  Id.   He says his first count relates to retaliation by Pospesel and
Kaplan, but that he does not seek to proceed against Kaplan because claims against
Kaplan were dismissed by this Court with prejudice.  Id.  Plaintiff provides no further
context for this "count" nor does he specify how Ms. Pospesel's alleged action violated
any federal right or laws.

Plaintiff's second "count" references another state court action, "Myers v. The
Municipality of Greene County, Shaun Groden, Kevin Lewis and Ed Kaplan, 18-0653,
Greene County Supreme Court, Fisher, J.," which plaintiff provides "is an Article 78
seeking to unblock email to @discovergreene.com."  Dkt. No. 21 at 6.   He provides,
"[b]y blocking email, even after being sued, the defendants prohibited me from
participating in local government.  The issue involves justice reform and a Sheriff's
Department rated "Worst Offender" by their supervisory body, the State Commission of
Corrections ("SCOC")."  Id.  Plaintiff does not specify against which defendants he
means to bring this claim and does not provide further context for this claim.

8

Plaintiff's third count is titled, "arrest for attending monthly legislature meeting." Dkt. No. 2 at 7. It is not clear against which defendants plaintiff seeks to bring this claim, but he does provide, "All defendants, except Pospesel, were present at the legislator's meeting, which link their culpability." Id. He also states that "arrest exhibits" link their culpability to this matter (although Kaplan, for now, is dismissed with prejudice)." Id. Plaintiff appears to contend that his arrest was in retaliation for exercising his First Amendment rights. The Court, in its January 14, 2020 Memorandum-Decision & Order allowed plaintiff leave to amend on this cause of action. Dkt. No. 17. Next, under a heading titled "failure to prosecute," plaintiff contends that "[a]ll judges and courts, and the DA and Public Defender recused," apparently in relation to his arrest charge at the county legislature meeting. Dkt. No. 21 at 9. Plaintiff states that "the false arrests, malicious prosecutions, are verified by the prompt recusals." Id.

Count four states, "Retaliatory tOP by Public Official." Dkt. No. 21 at 9. This two-sentence "count," provides, "[o]n March 3, 2019 Greene County Lieutenant Tracy Quinn asked the Town of Athens Judge Constance Pazen to issue a temporary Order of Protection, which she did. Hon. Constance Pazen then recused." Id. Plaintiff then references a "4th arrest," and makes reference to a Ms. Quinn, who is a "public official" who "used a tOP method," rather than a libel suit, apparently against plaintiff. Id. Plaintiff states, "[a] libel suit will necessarily require a blood test, proving paternity." Id. Plaintiff does not explain this confusing statement. Finally, plaintiff states, "Quinn and the previously named defendants, misuse their offices to arrest and create orders of protection as a way to retaliate, acts which are not permitted under law or from their

public office positions."  Id.

In the second amended complaint's "conclusion" section, plaintiff sets forth the

following:

> 37.  Greene County Sheriff's Office was named "worst offender" by the
> State Commission of Corrections.  This is not my opinion.  The
> complaints against this Sheriff's Office are amplified be myself but the
> deep repulsive bad acts by the Sheriff's Department are their own.
> 38.Both temporary Orders of Protections are an effort to block my
> access to government.  I argue that this is a misuse of the court's
> authority, especially since it's by public officials.  See: Judice v. Vail
> 430 U.S. 327 and its antecedents.  In this important series the Federal
> 2nd Circuit removed NYS's contempt tool entirely, citing systemic
> misuse.
> 39.The acts are retaliatory
> 40. Respondents acts effectively chill[ed] my exercise of [my] First
> amendment rights.  No email, barred from meetings, temporary Order
> of Protection that prevents even writing to the county government...

Dkt. No. 21 at 10.

## IV.  Review of Second Amended Complaint

### A.  Parallel State Actions

First, it appears that plaintiff has, at some point or another, commenced state

court actions regarding the defendants, facts, and circumstances on which he now

seeks to proceed before federal court.  Because plaintiff's second amended complaint is

sparse, it is difficult to discern with certainty if the same claims upon which he seeks

relief in the current federal complaint are being addressed, or have already been

addressed, before a state court.  Thus, it is possible that if a state court has already

reviewed these claims, they may be barred by collateral estoppel.[4]  Moreover,

potentially parallel state and federal claims may be barred by the abstention doctrine.

Notably, however, there is insufficient information currently before the Court about the

state court proceedings to assess whether the state and federal actions are truly parallel

or concurrent.  See generally Hous. Works, Inc. v.. City of New York, 72 F. Supp.2d

402, 417 (S.D.N.Y.1999) (In determining whether two actions are parallel for purposes

of Colorado River abstention, "a court may consider whether the actions involve the

same (i) parties, (ii) subject matter, and (iii) relief requested."); see also  GBA

Contracting Corp. v. Fid & Deposit Co., No. 00-CV-1333, 2001 WL 11060, *1 (S.D.N.Y.

Jan. 3, 2001)[5] ("Complete identity of parties and claims is not required; the parallel

---

[4]  See Fortunatus v. Clinton Cty., N.Y., 937 F. Supp. 2d 320, 332 (N.D.N.Y. 2013):

> Under New York law, the doctrine of collateral estoppel applies to a prior
> Article 78 proceeding, precluding the relitigating in a subsequent action an
> issue clearly raised therein.  Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d
> 343, 349–50, 690 N.Y.S.2d 478, 712 N.E.2d 647 (N.Y.Ct.App.1999).
> However, because an Article 78 court does not have the power to award the
> type of relief available in a § 1983 action, res judicata—a bar of the
> litigation—would not be applicable.  Vargas v. City of New York, 377 F.3d
> 200, 205 (2d Cir.2004). When, however, the issue in question was actually
> and necessarily decided in a prior proceeding and a party had a full
> opportunity to litigate the same issues being presented in a § 1983 action, the
> findings within a New York State Article 78 proceeding may have collateral
> estoppel consequence.  Constantine v. Teachers College, 448 Fed.Appx. 92
> (2d Cir. 2011). Once a party chooses to litigate his claims by way of an Article
> 78 proceeding, he assumes the risk of collateral estoppel being applied in a
> subsequent proceeding such as a § 1983 action.  Giakoumelos v. Coughlin,
> 88 F.3d 56 (2d Cir.1996) (applying collateral estoppel to a previous Article 78
> judgment where the plaintiff failed to show that there were procedural
> deficiencies or a lack of an opportunity to litigate); see LaFleur v. Whitman,
> 300 F.3d 256, 275 (2d Cir. 2002) (citing Giakoumelos).

[5]  The Court has provided to plaintiff all unpublished cases cited herein excepting those cases
previously sent by the Court with prior decisions.

litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation.").  Regardless, the undersigned concludes that the second amended complaint must fail on the merits for failure to state a claim for the reasons to follow.

## B.  False Arrest, False Imprisonment, Malicious Prosecution

Beyond concerns of this Court's jurisdiction due to collateral estoppel bar and potentially parallel/concurrent state and federal claims, plaintiff's second amended complaint does not meet with the pleading requirements of Rules 8 and 10, as he does not provide sufficient factual context upon which a defendant can reasonably understand the claims against him,[6] and also fails to state a claim upon which relief could be granted.  Further, it fails to cure the defects set forth by this Court in its January 14, 2020 Memorandum-Decision & Order.  First, plaintiff was clearly advised by this Court that any amended complaints filed in this action are deemed to supercede and replace in its entirely any earlier complaint and that his earlier complaint(s) will not be incorporated by reference.  Dkt. No. 5 at 19 n.9; dkt. no. 14 at 26 n.6.  Despite this clear warning, plaintiff's second amended complaint provides little factual support or context for his claims.  His 86 pages of attached exhibits do not suffice to provide sufficient factual context or explanation for his legal claims.

---

[6] Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (noting that the purpose of Rule 8 and 10 pleading requirements "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.").

First, the Court, in its January 2020 Memorandum-Decision & Order reviewing the amended complaint, noted that plaintiff first needed to demonstrate favorable termination to proceed on a claim of malicious prosecution, noting that plaintiff's allegations were too conclusory to make such an assessment.  Dkt. No. 17 at 8. Second, as to plaintiff's false arrest/imprisonment claims, the Court concluded that plaintiff failed to plausibly allege a lack of probable cause for his arrest, noting that, "[w]hile an arrest for simply attending a meeting could, if properly plead, very well lead to a valid claim, Plaintiff has simply not alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 9.

In the second amended complaint before the Court, as to plaintiff's malicious prosecution claim, the only allegations plaintiff now pleads that appear related to this claim suggest that prosecution of his arrest has not proceeded because all judges and attorneys involved have "recused" themselves and thus, there is a "failure to prosecute." Dkt. No. 21 at 9.  However, plaintiff has not demonstrated that charges resulting from this arrest were terminated in his favor through dismissal or otherwise such that the Court can permit plaintiff to proceed on a malicious prosecution claim.[7]

As to his false arrest/false imprisonment claim, plaintiff's second amended complaint still "do[es] not plausibly allege that there was a lack of 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution

---

[7]  The Court makes clear that it is not stating that plaintiff must demonstrate dismissal in his favor under Heck; rather, termination  in his favor to proceed on a malicious prosecution claim.

in the belief that an offense has been committed by the person to be arrested.'" Dkt. No.
17 at 9 (quoting Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995)).
Plaintiff's second amended complaint merely alleges that the arrest and supporting
affidavits were "pre-planned," that he attended a legislature meeting and left, was
recalled back to the meeting by unspecified legislators, and then was "surrounded" by
legislators, causing him fear," and then was assaulted by an arresting officer.  Dkt. No.
21 at 2.   These allegations do not suffice to show a "lack of 'knowledge or reasonably
trustworthy information sufficient to warrant a person of reasonable caution in the belief
that an offense has been committed by the person to be arrested.'" Dkt. No. 17 at 9.
Accordingly, as plaintiff's second amended complaint fails to cure the defects identified
by this Court's January 14, 2020 Memorandum-Decision & Order, it is recommended
his claims for false arrest, false imprisonment, and malicious prosecution be dismissed.

Plaintiff's second amended complaint makes vague reference to temporary order
of protection and blocked e-mails.  However, it provides little, if any, context for these
claims.  It does not appear that plaintiff seeks to reallege this apparent First Amendment
retaliation claim against Kaplan. Instead, plaintiff now alleges that Lieutenant Tracy
Quinn obtained an order of protection against him for unspecified retaliatory reasons,
and that obtaining an order of protection was improper and a misuse of her public
position, as the appropriate avenue for relief would have been for her to commence an
action against him for libel.  Dkt. No. 21 at 2, 9-10.  This vague, conclusory allegation
regarding a retaliatory temporary order of protection entirely fails to demonstrate that
Quinn or any other named defendant "obtained a temporary order of protection against

14

him because of his protected speech."   Dkt. No. 17 at 14.  He provides no factual

context about the temporary order of protection.  Even reading the complaint liberally to

infer that plaintiff contends the temporary order of protection was obtained in retaliation

for his various protected speech activities – arguably his opposing of certain

projects/acts involved with the county jail and other projects – plaintiff has not provided

any facts to demonstrate that there was no valid basis for obtaining the order of

protection.  Instead, plaintiff suggests that he disagrees with Lieutenant Quinn's

approach to his apparent "libel" and felt that a civil suit would have been the appropriate

response, rather than a temporary order of protection"  Dkt. No. 21 at 10.  However, this

conclusory statement does not demonstrate that the temporary order of protection was

not validly obtained.  See generally Spruill v.Levy, No. 04 Civ. 7316,  2008 WL

3884358, at *2 (S.D.N.Y. Aug. 21, 2008) (noting that "New York [law] equates an order

of protection with a showing of probable cause")(citation omitted).  Further, as explained

by the undersigned in the May 1, 2019, Repot-Recommendation & Order, dkt. no. 5 at

14, when plaintiff raised a similar claim, plaintiff has not demonstrated that Lieutenant

Quinn sought a temporary order of protection in her official role as a Lieutenant, and,

thus, under the color of state law, or as a private person.  See generally id. Accordingly,

plaintiff's second amended complaint fails to state a claim for violation of his First

Amendment rights through Lieutenant Quinn's obtaining an order of protection.[8]

Further, plaintiff does not state a claim against any other defendant as the second

---

[8]  The Second Amended Complaint does not allege any other defendants' involvement in
obtaining a temporary order of protection against him.

amended complaint contains one line suggesting the involvement of the other defendants, but fails to set forth any factual support as to how these defendants were involved.  Dkt. No. 21 at 10.  His allegation that "Quinn and the previously named defendants, misuse their offices to arrest and create orders of protection as a way to retaliate, acts which are not permitted under law or from their public office positions" does not suffice to plausibly plead any other defendants' personal involvement in any constitutional violation relating to obtaining a temporary order of protection against him in retaliation of his exercise of his First Amendment rights.  Id.

Plaintiff similarly fails to cure the pleading defects as it relates to a First Amendment claim relating to blocked e-mails. Plaintiff makes reference to an Article 78 proceeding that he commenced seeking to "unblock email to @discovergreene.com." Dkt. No. 21 at 6.  He indicates that the judge presiding over that case "demanded a certification from an attorney, denied the case, but allowed a fee free appeal to the Third Dept. Appellate Division.  She left the matter open for one year.  In short Fisher supported the defendants."  Id.  First, it is unclear the status of plaintiff's appeal and unclear if this Court can appropriately proceed on potentially parallel claims.  Id.; see supra at 10-11. Second, the second amended complaint fails to sufficiently plead a First Amendment claim as it relates to blocked e-mails.  Plaintiff contends that, through blocking his e-mails, apparently to county e-mail addresses, "the defendants prohibited me from participating in local government."  Dkt. No. 21 at 6.  Plaintiff makes reference to the fact that he "removed" three sheriffs," "closed our jail," and "provoked the county's Alternative To Incarceration Committee ("ATI")."  Id.  However, even assuming for sake

of this review that this Court has jurisdiction over this issue, "his jumbled allegations fail

to plausibly allege that [defendants] arranged an . . . email blocking scheme in an effort

to improperly restrict Plaintiff's First Amendment activity."  Dkt. No. 17 at 14.  Arguably,

with a very liberal reading and applying all solicitude due, plaintiff may be suggesting

that his involvement in "removing" sheriffs, "closing" a jail, and "provoking" the

committee resulted in unspecified defendants blocking his e-mails, which prevents him

from petitioning the government in violation of the First Amendment.  Yet, plaintiff does

not explain which defendants were personally involved in blocking his e-mails.  Further,

although he conclusorily alleges that "even after being sued, defendants prohibited me

from participating in local government," he does not allege that the e-mails he sought to

send were related to governmental matters.  Id. at 6.  As plaintiff has failed to cure the

defects as noted by this Court in its January 14, 2020 Memorandum Decision & Order, it

is recommended that plaintiff's First Amendment claim as it relates to blocked e-mails

be dismissed.

       Plaintiff makes passing reference to an article 78 proceeding he commenced

against Kira Pospesel apparently relating to his Social Security benefits and/or access

to emergency housing.  Dkt. No. 21 at 6.  His heading for this "count" alleges "retaliatory

acts using DSS."  Id.   Plaintiff contends "[t]his count proceeds to a coordinated effort by

Greene County Department of Social Service Commissioner, at the provocation of

Greene County Attorney Ed Kaplan to threaten my emergency housing."  Id.  Very

liberally read, plaintiff arguably suggests that defendants Pospesel and Kaplan

"threatened" his emergency housing in retaliation for his protected speech.  Id.   He also

appears to suggest the existence of a conspiracy between "Greene County Department

of Social Service Commissioner, at the provocation of Greene County Attorney Ed

Kaplan to threaten my emergency housing."  Id.  It appears that at some point, his

emergency housing was restored.  Id.

      Even read through the most solicitous lens – that Pospesel, Kaplan, and

unnamed Social Services Commissioner conspired to remove him from his emergency

housing in retaliation, arguably for his protected speech – plaintiff's allegations relating

to his emergency housing fail to state a claim upon which relief can be granted.  As this

Court has repeatedly set forth,

> to state a claim of retaliation under the First Amendment, a plaintiff
> must allege facts plausibly suggesting the following: (1) the speech or
> conduct at issue was "protected;" (2) the defendants took "adverse
> action" against the plaintiff – namely, action that would deter a
> similarly situated individual of ordinary firmness from exercising his or
> her constitutional rights; and (3) there was a causal connection
> between the protected speech and the adverse action – in other
> words, that the protected conduct was a "substantial or motivating
> factor" in the defendant's decision to take action against the plaintiff.

Burroughs v. Mitchell, 325 F. Supp. 3d 249, 280 (N.D.N.Y. 2018) (quoting Mount

Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 420 U.S. 274, 287 (1977)).  Plaintiff

provides no factual support for the third prong of the analysis – that there was a causal

connection between the alleged protected speech and the adverse action – i.e., the

apparent removal of his emergency or demonstrated that his protected speech was a

substantial or motivating factor.  Further, plaintiff has not shown that Pospesel or Kaplan

would have the authority to remove his emergency housing.

      Moreover, plaintiff's second amended complaint wholly fails to sufficiently plead a

claim for conspiracy under section 1983.  To prove a conspiracy claim under Section

1983, a plaintiff must show: "(1) an agreement between two or more state actors or

between a state actor and a private entity; (2) to act in concert to inflict an

unconstitutional injury; and (3) an overt act done in furtherance of that goal causing

damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999) (citation omitted).

The "intracorporate" defense provides that "[w]here the individual defendants are all

employees of the same institutional defendant, a claim of conspiracy will not stand."

Nat'l Congress for Puerto Rican Rights v. City of N.Y., 75 F.Supp.2d 154, 168

(S.D.N.Y.1999) (internal quotations and citation omitted). Courts have extended the

intracorporate defense to apply to public entities and to alleged conspiracies involving

public employees. See Rini v. Zwirn, 886 F.Supp. 270, 292 (E.D.N.Y.1995) (collecting

cases).   Here, even if plaintiff had alleged sufficient factual claims to demonstrate that

defendants engaged in an overt act done to inflict an unconstitutional injury, a finding

the undersigned does not make, plaintiff has not set forth the involvement of a private

entity, as all those alleged to be involved appear to be county employees.  Thus, even if

plaintiff had pleaded a conspiracy claim, any potential conspiracy claim would appear

barred by the intracorporate conspiracy doctrine, and, thus, futile.  Id.   Accordingly, the

second amended complaint fails to set forth a First Amendment retaliation claim or a

conspiracy claim relating to his removal of emergency housing.


## V.  Conclusion

For the reasons set forth above, it is recommended that the second amended

complaint, dkt. no. 21, be dismissed in its entirety.  It is recommended that the dismissal

of all claims be with prejudice and without leave to amend, excepting that the dismissal

be without prejudice to proceeding or continuing to proceed with his claims/actions in

the appropriate state venue.  The undersigned acknowledges the solicitude due to pro

se plaintiffs, and believes all due solicitude has been properly applied. This is the third

opportunity the Court has afforded for plaintiff to cure the defects in his pleadings.

Plaintiff has demonstrated that he is unable to state a claim upon which relief can be

granted for any claims of the claims he has repleaded here. See Foman v. Davis, 371

U.S. 178, 182 (1962) (stating that leave to amend need not be offered where the

movant has repeatedly failed to cure deficiencies in prior amendments); see also

Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993) ( "[w]here it appears

that granting leave to amend is unlikely to be productive, . . . it is not an abuse of

discretion to deny leave to amend."); Brown v. Peters, No. 95-CV01641, 1997 WL

599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave

to amend where it appears that amendment would prove to be unproductive or futile.").

Accordingly, the undersigned is of the opinion that any further amendments would be

futile.

        **WHEREFORE**, for the reasons set forth herein, it is

        **RECOMMENDED**, that plaintiff's second amended complaint, dkt. no. 21, be

**DISMISSED WITH PREJUDICE and WITHOUT OPPORTUNITY TO AMEND**, but

without prejudice to plaintiff proceeding on his claims in the appropriate state venue,

and that this case be closed; and it is further

**RECOMMENDED**, that this Report-Recommendation & Order be served on plaintiff in accordance with Local Rules; and it is

**ORDERED**, that the filing at dkt. no. 20 be deemed stricken, as plaintiff's filing at dkt. no. 21 indicates that plaintiff intends for the filing at dkt. no. 21 to be his second amended complaint;

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Services., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[9]

Dated: March 26, 2020
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[9] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).