UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT MYERS,

                              Plaintiff,

   -against-                                            1:19-CV-0325 (LEK/DJS)

SHAUN GRODEN, *et al.*,

                              Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Scott Myers brings this action against defendants Shaun Groden, Tracy Quinn, Kira Pospesel, Deputy Arp, and Patrick Linger. Dkt. No. 21 ("Second Amended Complaint" or "SAC"). Plaintiff filed a complaint in this action on March 14, 2019. Dkt. No. 1 ("Complaint"). In a Report-Recommendation issued on May 1, 2019, the Honorable Christian F. Hummel, U.S. Magistrate Judge, granted Plaintiff's motion for leave to proceed in forma pauperis ("IFP"), reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B), and recommended that the Court dismiss all of Plaintiff's claims. Dkt. No. 5 ("First Report-Recommendation"). Plaintiff subsequently filed an amended complaint. Dkt. No. 9 ("Amended Complaint"). In a report-recommendation entered on July 12, 2019, the Magistrate Judge again recommended the dismissal of all claims under § 1915(e)(2)(B). Dkt. No. 14 ("Second Report-Recommendation"). In a Memorandum-Decision and Order entered on January 14, 2020, this Court rejected the Second Report-Recommendation in part and adopted it in part, reviewed Plaintiff's Complaint and Amended Complaint simultaneously, and dismissed all of Plaintiff's claims under § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted while permitting

Plaintiff to file a second amended complaint. Dkt. No. 17 ("January 14 Memorandum-Decision and Order"). On February 18, 2020, Plaintiff filed the Second Amended Complaint. Docket. On March 26, 2020, the Magistrate Judge reviewed the Second Amended Complaint under § 1915(e)(2)(B) and recommended the dismissal of all claims with prejudice and without leave to amend. Dkt. No. 24 ("Third Report-Recommendation"). On March 27, 2020 and April 30, 2020, Plaintiff submitted objections to the Third Report-Recommendation. Dkt. Nos. 25 ("Objections"); 26 ("Supplemental Objections").[1]

For the reasons that follow, the Court adopts the Third Report-Recommendation.

## II.   BACKGROUND

### A.  The Second Amended Complaint and the Third-Report-Recommendation

Plaintiff's factual allegations are detailed in the Third Report-Recommendation, familiarity with which is assumed. See Third R. & R. at 5–10. For convenience, the Court summarizes them here.

Plaintiff's factual allegations largely appear to orbit around Plaintiff's arrest at a monthly meeting of the Greene County legislature on January 16, 2019. Id. at 6; SAC at 2. The Second Amended Complaint contains links to a YouTube video of his January 16, 2019 arrest, SAC at 7,

---

[1] In light of Plaintiff's pro se status, the Court considers the Supplemental Objections, even though Plaintiff submitted them eleven days late. See Mtshali v. New York City College of Tech., No. 05-CV-358, 2008 WL 4755681, at *1 (S.D.N.Y. Oct. 21, 2008) ("The Objections are not timely and should not be considered. Nonetheless, in light of plaintiff's pro se status, the Court will review the Objections as though they were timely filed."). Plaintiff subsequently submitted other filings that the Court construes as additional supplemental objections, on May 22, 2020, Dkt. No. 29, and June 1, 2020, Dkt. No. 30. Because these were submitted more than six weeks past the deadline to submit objections, the Court does not consider these late objections. And to the extent that either of these filings could be construed as an amended complaint, Plaintiff is denied leave to amend.

as well as links to newspaper articles and various reports relating to prior legislative actions with which Plaintiff's political activism has been concerned. See generally SAC. Plaintiff does not elaborate on the identities of the defendants but states that all but Pospesel were present at his January 16, 2019 arrest. Third R. & R. at 9; SAC at 6. Plaintiff alleges that he was arrested in retaliation for his prior local political activism in relation to various causes. SAC at 2–3.

Other allegations appear to relate to Plaintiff's history of interactions with the legislature as a political activist. Plaintiff alleges that Quinn obtained an order of protection against him in retaliation for Plaintiff's protected speech in opposition to Greene County's construction of a new jail and destruction of an existing sheriff's office and jail. Third R. & R. at 7; SAC at 2–3. Plaintiff also contends that defendants have blocked his e-mails as retaliation for his activism, and that this has inhibited his involvement in local government. Third R. & R. at 8, 16–17; SAC at 6–7. Plaintiff alleges that Pospesel threatened to revoke certain government benefits in retaliation for Plaintiff's advocacy on various political issues. Third R. & R. at 17–18; SAC at 6. Plaintiff also includes references to various lawsuits he has commenced in state courts against the named defendants and others. Third R. & R. at 7–8; SAC at 4 n.5, 5–6.

The Magistrate Judge construed Plaintiff's Second Amended Complaint to assert false arrest, false imprisonment, malicious prosecution, and First Amendment retaliation claims against the named defendants. Third R. & R. at 12–19. In the Third Report-Recommendation, the Magistrate Judge recommended dismissing all of Plaintiff's claims with prejudice for failure to state a claim due to the conclusory and vague nature of Plaintiff's allegations, compounded by a more general failure to provide essential factual context for his allegations and claims. Id.

### B. Plaintiff's Objections

Plaintiffs' Objections and Supplemental Objections largely fail to address the Magistrate Judge's findings in the Third Report-Recommendation. In both the Objections and the Supplemental Objections, Plaintiff expresses his opposition as a policy matter to the construction of a new jail. Objs. at 2; Supp. Objs. at 1. In both, he also re-alleges his First Amendment retaliation claims in general terms. Objs. at 2–4. Along with his Objections, Plaintiff attaches forty-seven additional pages of e-mails and letters he has sent to various government officials, as well as online articles. Objs. at 5–52.

### III. STANDARDS OF REVIEW

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

**B. Section 1915(e)(2)(B)**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain a complaint. See id.

A court may not dismiss a complaint if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations

5

omitted).

A court must construe pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

## IV.  DISCUSSION

Plaintiff's objections to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's First Amendment retaliation claims "simply reiterate [Plaintiff's] original arguments" in the Second Amended Complaint. See Farid, 554 F. Supp. 2d. at 306. The Court thus reviews this aspect of the Third Report-Recommendation for clear error. Apart from objections to the Magistrate Judge's recommendation that Plaintiff's First Amendment retaliation claims be dismissed, Plaintiff's objections appear to make no direct argument about the Magistrate Judge's findings. Thus, the Court reviews the rest of the Third Report-Recommendation for clear error as well. See Rogers v. Clinton, No. 19-CV-175, 2019 WL 3454099, at *1 (N.D.N.Y. July 31, 2019) (Kahn, J.) (observing that clear error review is warranted when the objections do not directly address the magistrate judge's findings), appeal dismissed by No. 19-CV-2632, 2019 WL 6218814 (2d Cir. Oct. 30, 2019).

Consequently, the Court reviews the entire Third Report-Recommendation for clear error and finds none.

V. **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 24) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's claims are **DISMISSED with prejudice and without leave to amend,** but without prejudice to Plaintiff proceeding on his claims in an appropriate state venue; and it is further

**ORDERED**, that the Clerk is directed to close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 07, 2020
         Albany, New York

Lawrence E. Kahn
U.S. District Judge